UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

HARSHA KUDIGRAM               )
                              )
_____)
                              )
_____)   CIVIL ACTION
(Name of the plaintiff or plaintiffs)  )
                              )   NO. 16-1039
         v.                   )
                              )
GE TRANSPORTATION:            )
  SUE NAPOROWSICI             )
ATTN: DEA PALMER              )
                              )
       MIKE SIRALL            )
_____)
(Name of the defendant or defendants)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

1. Plaintiff ☐ DOES ☑ DOES NOT demand a jury trial.

**I. PARTIES**

2. The plaintiff is HARSHA KUDIGRAM,
whose street address is 8926, N. SCRIMSHAW DRIVE, APT 102
(city) PEORIA  (state) IL  (ZIP) 61615
(Plaintiff's telephone number)  (312)-203-8469

3. The defendant is GE TRANSPORTATION, whose
street address is 2901, EAST LAKE ROAD,
(city) ERIE  (state) PA  (ZIP) 16531
(Defendant's telephone number)  (814)-875-3013

4. The alleged discrimination occurred at General Electric Transportation
(city) ERIE/LAWRENCE PARK  (state) PA  (ZIP) 16531

5. The plaintiff [check one box]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) April, (day) 15, (year) 2012.

## II. JURISDICTION

7. Jurisdiction over this claim is based on 28 U.S.C. § 1331. Plaintiff alleges that the defendant(s) discriminated against Plaintiff because of Plaintiff's:

   ☒ Age (The Age Discrimination in Employment Act, 29 U.S.C. § 621)

   ☐ Color (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☒ Disability (The Americans with Disabilities Act, 42 U.S.C. § 12101 and/or The Rehabilitation Act, 29 U.S.C. § 701)

   ☐ National Origin (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☐ Race (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☐ Race (42 U.S.C. § 1981)

   ☒ Religion (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☐ Sex/Gender (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☐ Sex/Gender (Equal Pay Act, 29 U.S.C. § 206)

   ☐ Use of Leave (Family and Medical Leave Act, 29 U.S.C. § 2611)

   ☒ Other (list): RETALIATION FOR COMPLAINING ABOUT DISCRIMINATION AND RAISING SAFETY CONCERNS

8. Plaintiff ☒ HAS ☐ HAS NOT filed a charge before the United States Equal Employment Opportunity Commission (EEOC) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint.]**

9. Plaintiff ☐ HAS ☒ HAS NOT filed a charge before the Illinois Department of Human Rights (IDHR) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint.]**

10. Plaintiff ☑ HAS ☐ HAS NOT received a Right to Sue Notice. If yes, Plaintiff's Right to Sue Notice was received on or about (date) __Nov 2, 2015__.

[Attach copy of Notice of Right to Sue to this complaint.]

### III. FACTS IN SUPPORT OF CLAIM

11. The defendant intentionally discriminated against Plaintiff [*check only those that apply*]:

   (a) ☐  by failing to hire the plaintiff.

   (b) ☑  by terminating the plaintiff's employment.

   (c) ☐  by failing to promote the plaintiff.

   (d) ☑  by failing to stop harassment;

   (e) ☑  by failing to reasonably accommodate the plaintiff's disabilities.

   (f) ☐  by failing to reasonably accommodate the plaintiff's religion.

   (g) ☑  by retaliating against the plaintiff because the plaintiff did something to assert rights protected by the laws;

   (h) ☑  by coercing, intimidating, threatening or interfering with the plaintiff's exercise or enjoyment of rights;

   (i) ☑  with respect to the compensation, terms, conditions, or privileges of employment;

   (j) ☐  other (specify):_____

_____
_____
_____
_____

12. State here briefly and as clearly as possible the essential facts of your claim. Describe precisely how each defendant in this action is involved. Give dates and places. Concentrate on describing as clearly and simply as possible what employment action or situation you allege to have been illegal and how it violated your rights. It is not necessary to make legal arguments or cite any cases or statutes.

I was retaliated and discriminated against at General Electric Company in Erie, Pa after I raised safety and ethical concerns. I was also harassed because of my religious beliefs and age. This began around April 2012 and continued up to my final termination on January 25, 2013. The harassment was led by my manager Mike Sirak (a "white" Christian). Poor performance was given as a reason for my termination although my initial review by my hiring manager (Mr. Jeffries) was positive. However after I raised safety concerns & ethical concerns the new manager Mr. Sirak retaliated against me and terminated me. As part of the harassment, I was put on a PIP (Performance Improvement Plan) where I was held to a different standard as compared to others. I became aware of additional safety concerns during the PIP which I complained about and was retaliated against for complaining.

13. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): _____

4

_____
_____
_____
_____
_____
_____

(g) ☑  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑  Grant such other relief as the Court may find appropriate.

_____
(Plaintiff's signature)

HARSHA KUDIGRAM
(Plaintiff's name)

8926, N. SCRIMSHAW DRIVE, APT 102
_____
(Plaintiff's street address)

(City) PEORIA      (State) IL   (ZIP) 61615

(Plaintiff's telephone number) (312) – 203-8469

Date: 01/25/2016

5



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

## PLEASE READ THE FOLLOWING INFORMATION CAREFULLY

You filed a charge of employment discrimination with one (1) of the following six (6) agencies, which are known as Fair Employment Practices Agencies (FEPA):

  Delaware Department of Labor (DDOL)
  New Jersey Division on Civil Rights (NJDCR)
  Philadelphia Commission on Human Relations (PCHR)
  Pittsburgh Commission on Human Relations (PCHR)
  Reading Human Relations Commission (RHRC)
  West Virginia Human Rights Commission (WVHRC)

At the time you filed your charge with the FEPA, you were notified in writing by the FEPA that it would dual-file your charge for you with the U.S. Equal Employment Opportunity Commission (EEOC) in order to preserve your right to file a lawsuit in Federal District Court. The FEPA processed your charge and notified you in writing of the reason for its closure of your charge. (If you believe that you did not receive a closure notice from the FEPA, contact the FEPA where you filed your charge, not EEOC). The FEPA then notified EEOC of its closure, and the reason for the closure. Based on this notification, EEOC has reviewed and adopted the FEPA findings, and has closed the dual-filed EEOC charge. Therefore, EEOC has issued to you the attached Dismissal & Notice of Rights, which advises you that "EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge". This Dismissal & Notice of Rights authorizes you to file a lawsuit in Federal District Court within 90 days if you choose to do so (please note, however, that you are not obligated to file a lawsuit). EEOC does not encourage or discourage such legal action; the decision is entirely up to you. If you do not wish to file a lawsuit, it is recommended that you keep the Dismissal & Notice of Rights for your record, and you need do nothing else.

If however, you do elect to file a lawsuit, you must do so with a Federal District Court within 90 days of the date you received the Dismissal & Notice of Rights, not the date it is dated (it is recommended that you retain the envelope with the postmark). If you intend to consult an attorney, do so promptly; if you do not have a lawyer, you may contact the EEOC Legal Unit at (215) 440-2828 in order to obtain a list of local attorneys. However, you are responsible for all legal fees incurred by filing a lawsuit, and you are also responsible for ensuring that your lawsuit is filed within the 90-day statute of limitations.

If you are going to file a lawsuit and need to obtain a copy of the information obtained during the FEPA's processing of your charge, make your request promptly in writing to the FEPA that investigated your charge (NOT EEOC). EEOC does not obtain the FEPA investigative case file.

(Enclosure with EEOC Form 161)

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Harsha Kudigram<br>8926 Scrimshaw Drive<br>Apartment 102<br>Peoria, IL 61615 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2013-61609 | P M. Lucas,<br>Investigator | (215) 440-2652 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

Spencer H. Lewis, Jr.,
District Director

November 2, 2015
*(Date Mailed)*

Enclosures(s)

cc:    **GENERAL ELECTRIC COMPANY**

Kimberly Craver, Counsel Labor
GE Transportation
2901 East Lake Road, Building 14-52
Erie, PA 16531